FILED & JUDGMENT ENTERED
David E. Weich

Feb 19 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

| | |
|---|---|
| IN RE: ) | Case No.: 09-11394 |
| ) | Chapter 11 |
| SEVEN FALLS GOLF AND ) | |
| RIVER CLUB, LLC ) | |
| ) | |
| TAX ID #: 26-0868131 ) | |
| ) | |
| Debtor(s) ) | |

## ORDER DISMISSING CASE

This cause coming on to be heard on February 17, 2010 before the aforesigned, United States Bankruptcy Judge, upon the *Motion to Dismiss or Convert to Chapter 7* filed by the United States Bankruptcy Administrator for the Western District of North Carolina, the Court finds:

1. This is a Chapter 11 proceeding in which a voluntary petition was filed on December 23, 2009.

2. On December 30, 2009, an Operating Order was entered in this case. That Order provided, in part, that the debtor file monthly status reports and pay quarterly fees.

3. The debtor owes a monthly status report for December, 2009 and owes quarterly fees for the fourth quarter of 2009.

4. The debtor's Statement of Financial Affairs lists no income for the two years immediately preceding the year the case was filed and lists no income for the year in which the case was filed. At the 11 U.S.C. § 341 Meeting of Creditors, the debtor's representative, Keith Vinson ("Vinson"), testified that the debtor has never had any income and that it has only had loans. If the debtor has never had any income, it is unlikely it can propose a feasible plan.

5. The debtor is represented by Gene B. Johnson ("Johnson").  Although Johnson has not filed an application to be employed, he is not a "disinterested person" as defined in 11 U.S.C. § 101(14).

   a. Vinson signed the debtor's petition as Mgr. Member and on the List of Equity Security Holders, Seven Falls Ventures, LLC is listed as having a 1007 [sic] interest in the debtor.

   b. The debtor listed Seven Falls, LLC (case 09-11182) and Zeus Investments, LLC (case 09-11183), both of whom filed Chapter 11 on October 26, 2009, as affiliates.

      i. Vinson signed Seven Falls, LLC's petition as Managing Member and on the List of Equity Security Holders, The Keith Vinson Living Trust is listed as having a ninety-eight percent (98%) interest in the debtor.

      ii. Seven Falls, LLC scheduled accounts receivable due from Mountain Jet Services in the amount of $1,302,159.35 and from Waightstill Mountain, LLC in the amount of $1,800,000.00.

      iii. Vinson signed Zeus Investments, LLC petition as Managing Member and on the List of Equity Security Holders, Vinson is listed as having a one hundred percent (100%) interest in the debtor.

      iv. In both the Seven Falls, LLC and the Zeus Investments, LLC cases, the debtors are represented by Christine L. Myatt, and the debtors filed an Application to employ Johnson as special counsel.  The Bankruptcy Administrator objected to the Applications due to Johnson not being a disinterested person, resulting in the Applications being withdrawn.

   c. On September 10, 2009, Mountain Jet Services, LLC filed Chapter 11 (case 09-11002) with this court and was represented by Johnson.  Vinson signed Mountain Jet Services, LLC's petition as managing member.  Mountain Jet's case was dismissed on October 1, 2009.

   d. On October 29, 2009 Waightstill Mountain, LLC filed Chapter 11.  Vinson signed Waightstill Mountain LLC's petition and on the List of Equity Security Holders, Vinson is listed as having a fifty percent (50%) interest in the debtor.

   e. At the 11 U.S.C. § 341 Meeting of Creditors, the Bankruptcy Administrator, Linda W. Simpson, advised Johnson that he was ineligible to serve as the debtor's attorney as he is not disinterested.

  f. At the hearing held February 17, 2010, D. Rodney Kight, Jr. made a limited appearance on behalf of the debtor to request a continuance of the Motion. The request for a continuance was denied.

  g. The Disclosure of Compensation for Attorney shows Johnson received $15,000.00 from a source other than the debtor.

Wherefore, based upon the foregoing and the entire record in this case it is hereby ORDERED that

1. This case is DISMISSED; and

2. Gene B. Johnson is required to disgorge the $15,000.00 he received as compensation to the source from which it was received.

*This Order has been signed electronically.*  *United States Bankruptcy Court*
*The judge's signature and court's seal appear*
*at the top of the Order.*